IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TREMAINE JERNIGAN,

    Petitioner,

v.                                                                No. CV 10-01 MCA/CG

LAURENCE JARAMILLO, et al.

    Respondents.

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Tremaine Jergnigan's *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody* (Doc. 1) ('Petition'), *Respondents' Answer to Petition for Writ of Habeas Corpus (28 U.S.C. § 2254)* (Doc. 11) ('Answer'), and Petitioner's letter in response (Doc. 12) ('Response'). Petitioner was convicted of second degree murder and tampering with evidence in the Twelfth Judicial District Court, in Otero County, New Mexico, in 2008. (Doc. 11-9, at 2-4). Petitioner argues his conviction was obtained in violation of the laws and Constitution of the United States. (Doc. 1 at 1-20). Respondents contend that Mr. Jernigan's Petition is a 'mixed' petition, i.e. one that includes both exhausted and unexhausted claims, and that his Petition must be dismissed. (Doc. 11 at 15-17). This Court agrees and, for the reasons set forth below, recommends that the Petition be **DISMISSED WITHOUT PREJUDICE OR, IN THE ALTERNATIVE**, the Court recommends that Petitioner be afforded an opportunity to dismiss his unexhausted claims and proceed with the exhausted claims only.

    **I.**    **Mr. Jernigan's Petition Contains Unexhausted Claims**

Mr. Jernigan raised 18 different claims in his Petition to the Federal Court. (Doc. 1

at 1-20). While many of the eighteen claims have sub-parts and some of the claims are duplicative, it appears that Petitioner has alleged multiple counts of ineffective assistance of trial and appellate counsel, prosecutorial misconduct, and identified numerous due process violations. (*Id.*). Respondents argue that three out of the eighteen sections contain unexhausted claims and that the Petition must therefore be dismissed. (Doc. 11 at 15). Specifically, Respondents claim that the arguments outlined in Sections 2(b), 2(c), 2(d), 8(b), 8(c), and 10 were never included in Petitioner's writ of certiorari to the New Mexico Supreme Court. (*Id.*). Section 2(b) of the Petition alleges that the prosecutor impermissibly "massage[d] and sooth[ed]" a distraught witness while she testified at Petitioner's preliminary hearing. (Doc. 1 at 8). Section 2(c) alleges that police officers threatened and coerced a witness into testifying against Petitioner. (*Id.*). Section 2(d) alleges that Mr. Jernigan's trial counsel was ineffective when he asked a witness why her testimony was inconsistent with earlier statements she had made to police. (*Id.*). Section 8(b) states that Petitioner was brought to the courthouse wearing a prison jumpsuit and handcuffs and that a picture was taken of him in his jumpsuit while he stood mere feet from the decedent's mother and that the picture was published in a local newspaper. (*Id.* at 15). Section 8(c) contends that a witness identified him in court by specifically pointing to his orange jumpsuit. (*Id.*). Finally, Section 10 of the Petition states that Mr. Jernigan was afforded ineffective assistance of appellate counsel during both his first and second direct appeals. (*Id.* at 16).

Before a Federal District Court may consider the merits of a habeas petition brought pursuant to 28 U.S.C. § 2254, the court must first be satisfied that the petitioner has exhausted all available state remedies. *See* 28 U.S.C. § 2254(b)(1)(A) ("An Application for

a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State."). The exhaustion doctrine is based upon principles of comity and federalism - that in a federal system, state courts should be afforded an opportunity to hear a petitioner's case before federal courts are called upon to resolve the issue. *See, e.g.*, *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986) ("The exhaustion doctrine seeks to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary."); *Rose v. Lundy*, 455 U.S. 509 (1982).

In order to satisfy the exhaustion requirement, a petitioner must 'fairly present' all of his relevant claims before the state court. *See Picard v. Connor,* 404 U.S. 270, 275 (1971). A petitioner has not fairly presented his claims unless he has afforded the state courts "one full opportunity to resolve any constitutional issues." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A petitioner has not properly exhausted his state remedies if he fails to submit those claims to the state's highest court for discretionary review. *Id.* Petitioner bears the burden of showing that he exhausted all of his claims before the highest state court. *See McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir.2009); *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).

It appears that Mr. Jernigan has presented a mixed petition because at least several of the claims identified by the Respondents are unexhausted. The claims outlined in Sections 2(b), 2(d), 8(b), and 10 of the Petition are unexhausted because they do not appear in Mr. Jernigan's petition for a writ of certiorari to the New Mexico Supreme Court.

...

(*See* Doc. 11-12; Doc. 11-13 at 1-27).[1] However, the claims outlined in Section 2(c),and 8(c) were properly exhausted. Section 8(c) alleges that the prejudicial effect of being brought to court while handcuffed and wearing a jumpsuit was evidenced by a witness specifically identifying him in court as the person wearing a jumpsuit. (Doc. 1 at 15). Mr. Jernigan did generally allege in his writ petition that he was denied a fair trial because he was presented to witnesses and family members in court while handcuffed and wearing a prison jumpsuit. (*Id.* at 2-3). This allegation in the writ petition is sufficient to cover the claim laid out in Section 8(c). Additionally, the claim outlined in Section 2(c), which alleges that the police threatened a witness in order to secure her testimony, was also properly exhausted as it was included in the writ petition. (*Id.* at 10).

Petitioner did attach his district court habeas petition and the resulting district court order to his petition for a writ of certiorari, as required by NMRA 12-501(D). It is true that the district court habeas petition and order both squarely address the unexhausted claims. (*See, e.g.*, Doc. 11-12 at 22, 24, 38; Doc. 11-13 at 4-6). However, attaching former habeas petitions and district court opinions cannot satisfy the exhaustion standard when Petitioner fails to include those claims within the writ petition itself. *See, e.g., Baldwin v. Reese*, 541 U.S. 27, 31-32 (2004)

> [T]o say that a petitioner 'fairly presents' a federal claim when an appellate judge can discover the claim only by reading lower court opinions is to say that those judges must read the lower court opinions . . . In our view, federal

---

[1] With regard to the claim outlined in Section 8(b), Petitioner did allege in his writ petition that he was brought to court in handcuffs and wearing a jumpsuit. (Doc. 11-12 at 2-3). However, the writ petition never mentions anything about having his picture taken while standing next to decedent's mother, or that this picture was published in a newspaper. (*See* Doc. 11-12). Therefore, while Petitioner fairly presented his argument that his attire during court proceedings was prejudicial, he has failed to do so with regard to any photos being taken and published.

> habeas corpus law does not impose such a requirement . . . Those courts have heavy workloads, which would be significantly increased if their judges had to read through lower court opinions and briefs in every instance.

*Id.* at 31-32; *See also Lockheart v. Hulick*, 443 F.3d 927, 929 (7th Cir. 2006) (holding that the 'fair presentation' requirement "is not met if a judge must go outside the four corners of the document in order to understand the contention's nature and basis."); *Sturgeon v. Chandler*, 552 F.3d 604, 610 (7th Cir. 2009) ("The argument must be placed in the petitioner's brief to the court."); *Bethurum v. Zavaras*, 352 F. Appx' 260, 262 (10th Cir. Nov. 3, 2009) (unpublished); *Berg v. Foster*, 244 F. Appx' 239, 244 (10th Cir. Aug. 6, 2007) (unpublished).

## II.  **Treatment of Mixed Petitions**

Since Petitioner has presented a mixed petition, this Court may 1) deny the motion without prejudice so that Petitioner may return to state court and exhaust his state remedies, 2) stay the Petition and hold it in abeyance while Petitioner exhausts his state remedies, 3) permit the Petitioner to dismiss the unexhausted claims and proceed with only the exhausted arguments, or 4) ignore the exhaustion requirement and deny the Petition if it appears plainly meritless. *See, e.g.*, *Fairchild v. Workman,* 579 F.3d 1134, 1156 (10th Cir. 2009); *Rhines v. Weber*, 544 U.S. 269, 274 (2005).

Given the number of claims raised by Petitioner and the complexity of his case, this Court does not believe that the case can be readily dismissed on the merits. Neither does the Court believe that staying the Petition and holding it in abeyance while Petitioner exhausts his state remedies is appropriate. The stay mechanism outlined by the Supreme Court in *Rhines v. Weber*, 544 U.S. 269 (2005)

is only applicable where the Petitioner can 1) show good cause why he failed to present the relevant claims to the state court, and 2) show that his unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 277. Here Petitioner has not shown good cause why he did not present the unexhausted claims to the New Mexico Supreme Court. In his Response, Petitioner claims that Sections 2(b),(c),(d) were all included in his writ petition under the heading 'Ground 2(c)(2)'. (Doc. 12 at 2). This heading does not appear in Supreme Court writ petition and this Court has been unable to find any reference to the claims outlined in Sections 2(b) or (d) in the writ petition. Petitioner further contends that that he properly included the Section 8(b) and Section 10 claims in his writ petition.[2] (*Id.*). Once again, the Court has been unable to find any reference to those claims in the writ petition.

Therefore, this Court will recommend that the Petition be dismissed without prejudice since it is a mixed petition. However, the Court will afford Petitioner an opportunity to dismiss the unexhausted claims and proceed with only the exhausted claims in his Petition. The Court notes that either option will have consequences for Mr. Jernigan's Petition. Should he elect to dismiss those unexhausted claims, he will lose the opportunity to present those unexhausted claims to a federal court at a later date. *Tapia v. LaMaster*, 172 F.3d 1193, 1195 (10th Cir. 1999) (Petitioner who elects to proceed only on exhausted claims is deemed to have abandoned the unexhausted claims and those claims may not be re-brought in federal court unless the Petitioner can meet the requirements for filing a successive petition); 28 U.S.C.

---

[2] As previously mentioned, Petitioner's claims under Section 2(c) and 8(c) were properly exhausted. (*See* Doc. 11-12 at 2-3, 10).

§ 2244(b)(1).

Alternatively, if Mr. Jernigan elects to accept the dismissal of his Petition without prejudice while he pursues state court review of his unexhausted claims, the one year statute of limitations will still apply to all future filings in federal court. *See* 28 U.S.C. § 2244(d)(1) (applying a one year statute of limitations to the filing of habeas petitions in federal court). The statute of limitations in Mr. Jernigan's case began to run on the date his judgment became final, which was April 7, 2009. (*See* Doc. 11-9 at 62-63). Therefore, should Petitioner elect to accept the dismissal of his mixed Petition, it appears that any future filings in federal court would be time-barred.

Should Mr. Jernigan wish to proceed in this case without the claims outlined in Sections 2(b), 2(d), 8(b), and 10 of his Petition, he may notify the Court of this intention within the fourteen (14) day period allotted for the filing of objections to these findings. If Petitioner does not notify the Court that he wishes to withdraw the unexhausted claims and proceed with the remaining grounds, his federal petition will be dismissed without prejudice.

### III.   Recommendation

Wherefore,

Because Petitioner has failed to show that he exhausted all available state remedies before filing the instant Petition as required by 28 U.S.C. § 2254(b)(1)(A), **IT IS HEREBY RECOMMENDED THAT** Mr. Jernigan's *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody* (Doc. 1) **BE DISMISSED WITHOUT PREJUDICE**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE