IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TRAMAINE D. JERNIGAN,

       Petitioner,

    v.                                                             CV 10-701 MCA/CG

LAWRENCE JARAMILLO, et al.

       Respondents.

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

**THIS MATTER** is before the Court upon Petitioner's *Response* (Doc. 16) to the Court's order granting Petitioner a twenty-one day extension to file objections to the Court's Proposed Findings and Recommended Disposition. (Doc. 15). The Court construes Petitioner's *Response* as a motion requesting the appointment of counsel. The Court will **DENY** Petitioner's motion for the reasons set forth below.

Petitioner filed his *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody* (Doc. 1) in July of 2010. This Court entered a Proposed Findings and Recommended Disposition ('PFRD') in December of 2010, recommending that the Petition be dismissed without prejudice because it contained both exhausted and unexhausted claims. (Doc. 13). The Court alternately recommended giving Mr. Jernigan the option of dismissing the unexhausted claims in his Petition and proceeding only on those claims that were properly before the Court. (*Id.* at 1, 5-7). Pursuant to 28 U.S.C. § 636(b)(1), Mr. Jernigan was afforded fourteen days to file objections to the PFRD. (*Id.* at 7). Petitioner then moved for an extension of time to file objections, stating that he believed that the Court was going to appoint counsel to represent him. (Doc. 13 at 1-2). The Court

granted Petitioner a twenty-one day extension to file his objections. (Doc. 15). Petitioner now claims that he has been unable to contact anyone at the legal services help desk where he is being incarcerated and that he has delayed responding to the PFRD because he still believes that the Court intends to appoint counsel to represent him. (Doc. 16 ("[I]n the [Court's] order I was told I'd be represented by counsel. I'm in need of assistance to file the objections . . . [I] would like to know will I be given counsel as the order stated or am I to file the objections myself. . .")).

Mr. Jernigan's confusion regarding the appointment of counsel stems from this Court's Order directing the government to answer Mr. Jernigan's petition. (Doc. 7). In that Order, the Court directed "that until such time as Applicant may be represented by counsel the Clerk shall forward to the Applicant a copy of this Order and any subsequent orders filed in this proceeding." (*Id.* at 2). Mr. Jernigan mistakenly assumed that the phrase "until such time as Applicant may be represented by counsel . . ." meant that the Court was going to appoint counsel to represent him. (*See* Doc. 14 at 1 ("Due to the order [to answer] . . . Petitioner was and still is under the impression I'd be provided representation of counsel . . .")). Contrary to Mr. Jernigan's assumptions, that portion of the Order to Answer does not mean that the Court will appoint counsel to represent Mr. Jernigan. The Court is not inclined to appoint counsel to represent Mr. Jernigan at this time.

As a general matter, habeas petitioners do not have a right to appointed counsel. *See Clark v. Tansy*, 13 F.3d 1407, 1410 (10th Cir. 1993); *Carter v. Montgomery*, 769 F.2d 1537, 1543 (11th Cir. 1985). Ordinarily, there is no reason to appoint counsel unless the case has reached the stage of proceedings where an evidentiary hearing is required. *See e.g., United States v. Leopard*, 170 F.3d 1013, 1015 (10th Cir. 1999); *Swazo v. Wyoming*

*Dept. of Corrections*, 23 F.3d 332, 333 (10th Cir. 1994). An evidentiary hearing is not yet appropriate in Mr. Jernigan's case since his habeas Petition is subject to dismissal as a 'mixed' petition containing exhausted and unexhausted claims.

**IT IS THEREFORE ORDERED** that Petitioner's *Response*, which the Court construes as a motion for the appointment of counsel, will be **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner shall have a final extension of twenty-one days from the entry of this Order to file his objections to the Court's Proposed Findings and Recommended Disposition.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE